# NO. 12-19-00166-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANANDO LAMORRIS ROBERT,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

Anando Lamorris Robert appeals his conviction for assault causing serious bodily injury. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State,* 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se response. We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon. Pursuant to an open plea, Appellant pleaded "guilty" to the lesser offense of assault causing serious bodily injury. In exchange, the State abandoned the deadly weapon allegation and agreed to "cap" the possible sentence at fourteen years. The State also considered and dismissed a second count and two other charges against Appellant. Following a punishment trial, the trial court sentenced Appellant to fourteen years imprisonment. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he has reviewed the record and found no arguable grounds

for appeal.[1]  In compliance with **High v. State**, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.

Appellant contends in his pro se response that since entering the Texas Department of Criminal Justice, his offense has been treated "as an aggravated factor" when the trial court advised him that it would not be "treated (Aggravated) or (3-G) offense."

When faced with an **Anders** brief and a pro se response by an appellant, an appellate court can either (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. **Bledsoe v. State**, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

After conducting an independent examination of the record, we find no reversible error and conclude that the appeal is wholly frivolous. *See id*.  Accordingly, we affirm the judgment of the trial court.

As required by **Anders** and **Stafford v. State**, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also* **In re Schulman**, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).  We carried the motion for consideration with the merits and now grant counsel's motion for leave to withdraw.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; **In re Schulman**, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP.

---

[1] In compliance with **Kelly v. State**, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See* **Kelly v. State**, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

P. 68.2.  Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3(a).  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered February 19, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 19, 2020**

**NO. 12-19-00166-CR**

**ANANDO LAMORRIS ROBERT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Henderson County, Texas (Tr.Ct.No. CCR17-0337-3)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J,*